UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS,

              Petitioner,

   -vs-

              **DECISION and ORDER**
              **No. 11-CV-0440(MAT)**

JOHN B. LEMPKE, ERIC SCHNEIDERMAN,

              Respondents.

---

## I.   Introduction

Petitioner <u>pro se</u> Richard Mills ("Mills" or "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention in state custody. He is currently incarcerated at Five Points Correctional Facility based on a 2004 judgment entered in Genesee County Court following a jury verdict convicting him of Attempted Assault in the First Degree, Attempted Murder in the First Degree, Reckless Endangerment in the First Degree, two counts of Criminal Possession of a Weapon in the Third Degree, and Criminal Possession of Marihuana in the Third Degree.

## II. Factual Background and Procedural History

### A.   The Underlying Criminal Convictions

In 2002, Mills pled guilty in Genesee County Court (Noonan, J.) to charges of Attempted Murder in the Second Degree and Criminal Possession of Marihuana and was sentenced to 10 years imprisonment with five years post-release supervision. The

conviction was later vacated by the trial court in October 2003, because it had unlawfully accepted a waiver of the indictment on the Class A felony of Attempted Murder in the First Degree.

The charges were then presented to a grand jury and an indictment was returned on or about October 23, 2004. On December 13, 2004, Petitioner was convicted following a jury trial on charges of Attempted Murder in the First Degree, Attempted Assault in the First Degree, Reckless Endangerment in the First Degree, two counts of Criminal Possession of a Weapon in the Third Degree and Criminal Possession of Marihuana in the Third Degree. Mills was sentenced to an indeterminate term of imprisonment of 20 years to life on the first degree attempted murder conviction; a determinate 15-year sentence on the attempted first degree assault conviction; an indeterminate sentence of two and one-third to seven years on the first degree reckless endangerment conviction; two concurrent terms of two and one-third to seven years on the two convictions for third degree criminal possession of a weapon; and an indeterminate sentence of one and one-third to four years on the criminal possession of marihuana conviction.

On April 28, 2006, the Appellate Division, Fourth Department, unanimously affirmed the conviction, and the New York Court of Appeals denied leave to appeal on November 30, 2006. Petitioner's various collateral state-court attacks on his convictions were unsuccessful.

-2-

**B.    The 2006 Federal Habeas Proceeding**

On December 16, 2006, while Petitioner's third post-conviction motion to vacate the conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, was pending, he filed a petition for a writ of habeas corpus in this Court, Mills v. Poole, 06-CV-842(RJA)(VEB) (W.D.N.Y.). On May 14, 2008, Magistrate Judge Victor E. Bianchini issued a Report and Recommendation, recommending that the petition be dismissed and that no certificate of appealability issue as to any of Petitioner's claims. District Judge Richard J. Arcara adopted the Report and Recommendation in full on July 1, 2008, thereby denying the petition for habeas corpus with prejudice.

Petitioner filed two separate notices of appeal from Judge Arcara's Order dismissing the petition, as well as a request for a certificate appealability. The United States Court of Appeals for the Second Circuit denied a certificate of appealability and dismissed the appeals on August 5, 2008, finding that Petitioner had not made a substantial showing of the denial of a constitutional right.

Petitioner then filed a motion to vacate the judgment dismissing his habeas petition pursuant to Fed. R. Civ. P. 60(b), which was denied by the Court (Arcara, D.J./Bianchini, M.J.). See Mills v. Poole, 06-CV-0842(RJA)(VEB) (W.D.N.Y. Apr. 28, 2010). On

May 4, 2010, Petitioner filled a notice of appeal which the Second Circuit dismissed on December 21, 2010.

### 3.   The 2011 State-Court Resentencing

According to exhibits submitted with the instant petition and the first amended petition, the New York State Department of Corrections and Community Supervision ("NYSDOCCS") advised Judge Noonan that Mills was required to be resentenced because the judge had not imposed a term of post-release supervision concomitant with the determinate sentence on the conviction for first degree attempted assault. See Letter from Helene C. Antonelli, Petitioner's Exhibit ("Ex.") 1 at 1-1, Petitioner's Record Volume Two ("R2") (manually filed) (citing N.Y. CORR. LAW § 601-d ("Whenever it shall appear to the satisfaction of the department that an inmate in its custody, or to the satisfaction of the division of parole that a releasee under its supervision, is a designated person, such agency shall make notification of that fact to the court that sentenced such person, and to the inmate or releasee.")).

Genesee County Assistant District Attorney Lawrence Friedman wrote to Judge Noonan indicating that pursuant to New York Penal Law ("P.L.") § 70.85, he consented to "reinstate the imposition of the originally imposed determinate sentence of imprisonment without any term of post-release supervision." Letter of Lawrence Friedman, Esq., Ex. 1 at 1-8 (R2). On January 18, 2011, Mills submitted a

-4-

letter to Judge Noonan "in anticipation of any resentencing proceedings", objecting to the presentence investigation report ("PSI"), notifying the court of his "intent to submit memorandums and evidence or documents", and requesting the appointment of stand-by counsel to assist him. Ex. 1 at 1-2 & id. at 1-2 - 1-8 (R2).

By means of an order dated January 31, 2011, Judge Noonan resentenced Petitioner on the 2004 conviction for Attempted Assault in the First Degree, stating that pursuant to P.L. § 70.85 and with the consent of the prosecutor, the 15-year determinate sentence originally imposed for the attempted first degree assault conviction was "reimposed without any term of post-release supervision". Genesee County Court Order dated January 31, 2011, Ex. 1 at 1-10 (R2). The sentences on the remaining 2004 convictions remained as originally imposed. Id. at 1-11 (R2).

Petitioner moved to "reargue" Judge Noonan's determination on the basis that he was not afforded a hearing and counsel with regard to the resentencing, and making a request for Judge Noonan's recusal. Judge Noonan denied the motion, noting that reimposition of the original sentence was statutorily authorized, and, moreover was warranted in this case inasmuch as the additional post-release supervision would have been redundant of the lifetime parole supervision mandated in light of Petitioner's attempted murder conviction. Judge Noonan found that Petitioner could not be

considered aggrieved given the determination not to enhance Petitioner's determinate sentence by imposing a term of post-release supervision. Since Petitioner was not prejudiced by the resentencing, Judge Noonan found, holding a hearing and appointing counsel would have been an unnecessary expenditure of public resources. Finally, Judge Noonan concluded, the denial of a hearing and counsel did not indicate bias on his part since the determination had a neutral, rational basis–namely, the avoidance of undue expense.

Petitioner filed another motion in the trial court pursuant to C.P.L. §§ 440.10 and 440.20 seeking to vacate his sentences based upon Judge Noonan's refusal to produce him and assign counsel for purposes of the resentencing. In an order dated September 21, 2011, Judge Noonan held that contrary to Petitioner's contention, resentencing under Corr. Law § 601-d only implicated the post-judgment imposition of a term of post-release supervision, and did not afford the opportunity to be resentenced <u>de</u> <u>novo</u>. <u>See</u> <u>People v.</u> <u>Lingle</u>, 16 N.Y.3d 621, 634-35 (2011) (holding that a trial court lacks discretion to reconsider the incarceratory component of a defendant's sentence at a resentencing pursuant to N.Y. Corr. Law §601-d and that the Appellate Division may not reduce the prison sentence on appeal in the interest of justice). Judge Noonan held that a defendant's right to be heard and represented by counsel is only required where an additional term of post-release supervision

was contemplated and in Mills's case, the prosecution had consented to reimposition of the original sentence without any post-release supervision. Accordingly, Judge Noonan determined, there was no need to produce Mills for a hearing and assign counsel.

Undeterred, Mills again sought to challenge the resentencing, arguing that Judge Noonan's unreasonable delay in resentencing him had divested the trial court of jurisdiction. Mills sought to have the indictment dismissed pursuant to C.P.L. § 380.30(1). In an order dated December 29, 2011, Judge Noonan held that the resentencing had been accomplished within a reasonable time after he had received notification from NYSDOCCS concerning the need for resentencing, and noted that his resentencing order had not been vacated or modified, and indeed had been honored by NYSDOCCS.

Mills moved for renewal and reargument of the December 29, 2011 order. Judge Noonan denied the motion insofar as it sought, once again, his recusal from the case. Finding that Mills had not established that he had overlooked any relevant facts or misapplied controlling law in rendering the prior decision and order, see N.Y. Civ. P. Law & R. 2221(d)(2), Judge Noonan denied leave to reargue.

Petitioner filed a notice of appeal from Judge Noonan's resentencing order and moved to proceed as a poor person. He claims that he has received no acknowledgment from the Appellate Division, Fourth Department of his motion for leave to appeal as a poor person nor a docket number for the notice of appeal. Therefore, it

-7-

appears that the appeal is still pending.  Petitioner has also filed a number of state court motions and proceedings with respect to the resentencing.

### 4.    The 2011 Habeas Proceeding

Mills commenced the instant federal habeas proceeding on May 10, 2011, by filing a Petition (Dkt #1). Prior to Respondent being directed to answer, Mills filed a First Amended Petition (Dkt #7), along with voluminous exhibits. The 100-page, 436-paragraph First Amended Petition raises twenty-six (26) grounds for relief. Grounds One and Two relate to the resentencing, pursuant to which the sentence originally imposed in 2004 for the attempted first degree assault conviction was reimposed without any term of post-release supervision. Grounds Three through Twenty-Four, and Ground Twenty-Six all relate solely to the criminal proceeding that resulted in the 2004 convictions for which Mills in incarcerated. Ground Twenty-Five claims constitutional infirmities in the appellate processes with regard to the original 2004 convictions and the 2011 resentencing.

Also pending are a Motion to Stay the Petition (Dkt #3); and two Motions to Consolidate (Dkt ##6 & 10) the instant proceeding with a pending civil rights action, Mills v. Genesee County, et al., 11-CV-0383A(M) (W.D.N.Y.). Mills also has filed a Motion for Permission to Conduct Discovery (Dkt #8).

For the following reasons, the Court denies the motions to join claims, parties and to consolidate (Dkt ##6 & 10), and denies permission to conduct discovery (Dkt #8). The Court directs Respondents to file an answer and memorandum of law in response to the first amended petition (Dkt #7) and a separate response to Petitioner's motion to stay and hold the first amended petition in abeyance (Dkt #3).

## III. The Motions to Consolidate (Dkt ##6 & 10)

Petitioner moves to join claims and parties and to consolidate the instant proceeding with a separate civil rights action commenced by him as a pro se litigant, Mills v. Genesee County, et al., 11-CV-0383A(M)(W.D.N.Y.). He asserts that it would serve the interest of the Court and the parties as well as save judicial resources because the habeas petition and the civil rights lawsuit matter "contain relatively some grounds that are identical in nature." Declaration of Richard Mills ("Mills Decl."), ¶7 (Dkt #6).

Rule 42(a) of the Federal Rules of Civil Procedure provides for the consolidation of actions pending before the court which involve "a common question of law or fact." FED. R. CIV. P. 42(a). The two cases which Mills is seeking to consolidate have different defendants and raise different legal issues. Mills's civil action names a laundry-list of defendants, but Judge Noonan is the only individual who appears in both lawsuits. Thus, contrary to Mills's contention, there is virtually no overlap between the two cases.

-9-

Moreover, the claims against Judge Noonan, which seek monetary, injunctive, and declaratory relief, in all likelihood will be dismissed under the doctrine of absolute judicial immunity. See MacPherson v. Town of Southampton, 664 F. Supp.2d 203, 211 (E.D.N.Y. 2009) (noting that with the passage of the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending 42 U.S.C. § 1983, the doctrine of absolute judicial immunity now extends to cover suits against judges where the plaintiff seeks not only monetary relief, but injunctive relief as well, unless preceded by a declaration, or by a showing that such declaratory relief is unavailable) (citing, inter alia, Jacobs v. Mostow, 271 Fed. Appx. 85, 88 (2d Cir. 2008) (unpublished opn.) (affirming dismissal of plaintiff's claims for prospective injunctive relief under Rule 12(b)(6) where complaint failed to allege "a violation of a prior declaratory decree")). In addition, the claims against Judge Noonan are subject to dismissal for lack of subject matter jurisdiction because they are barred by the Rooker-Feldman doctrine,[1] which stands for the general proposition "that federal district courts lack jurisdiction over suits that

---

[1]    There are four requirements for the application of Rooker-Feldman: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock, 422 F.3d at 85 (internal citations and quotations omitted). Mills's case fits all of these criteria.

are, in substance, appeals from state-court judgments." <u>Hoblock v.</u> <u>Albany County Bd. of Elections</u>, 422 F.3d 77, 84 (2d Cir. 2005).

Although Petitioner is challenging the same conviction in both the instant petition and the civil action, the actions, for the most part, do not involve common questions of law or fact. In particular, the law applicable to adjudicating habeas corpus petitions and § 1983 actions is distinctly different. Pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), an action pursuant to 42 U.S.C. § 1983 does not lie unless the plaintiff can also

> prove that the . . . sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such a determination,
> or called into question by a federal court's issuance of
> a writ of habeas corpus, 28 U.S.C. § 2254. A claim for
> damages bearing that relationship to a . . . sentence
> that has not been so invalidated is not cognizable under
> § 1983.

<u>Id.</u> at 486-87.

Mills has failed to show that consolidation would further the interests of judicial economy or avoid unnecessary delays or confusion in the resolution of these two proceedings. Because Mills has not met his burden of demonstrating that consolidation under FED. R. CIV. P. 42(a) is warranted, the motions seeking that relief (Dkt ##6 & 10) are denied with prejudice.

## IV. Motion for Permission to Conduct Discovery

Petitioner requests permission to conduct discovery claiming that <u>Brady</u>[2] materials were withheld and have not been fully

---

[2]     <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

disclosed, and that he has raised a judicial bias claim that has never been "adjudicated squarely on the merits."  Declaration of Richard Mills in Support of Motion for Discovery, ¶10 (Dkt #8).

Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, discovery is available only by leave of the court. A petitioner must support the request with reasons demonstrating "good cause" for invoking discovery mechanisms, namely, "specific allegations" that give the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (quotation omitted). Generalized statements regarding the possibility of the existence of discoverable material cannot yield "good cause." E.g., Green v. Artuz, 990 F. Supp. 267, 271 (S.D.N.Y. 1998) (citation omitted). The district court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition. Id.

Petitioner lists several pages of document demands that he claims will establish his actual innocence and the bias of the trial judge. Some of the materials, such as the documents relating to the resentencing and reports from the Monroe County Public Safety Laboratory, either are part of the state court records from the first habeas proceeding or will be produced as part of the state court records in this proceeding. Indeed, it appears from the

voluminous exhibits Mills has submitted to the Court, he already has much of this information. The remainder of the document requests concern irrelevant material—such as the financial records of Judge Noonan and other Genesee County Public officials. Mills also makes several broad requests for documents that are immaterial to his habeas claims, such as all communications between every Genesee County Public official involved in any aspect of his various criminal proceedings.

The Court finds that Mills's request for discovery is nothing more than a fishing expedition. His overbroad and irrelevant discovery demands at worst border on abusive litigation tactics and at best do not suggest the existence of any evidence that has not already been produced or which could somehow advance his habeas claims. Mills's reasons for requesting discovery are based on speculation and surmise, which does not amount to "good cause" warranting the utilization of discovery procedures. Therefore, the Court exercises its discretion to deny the motion for discovery (Dkt #8) with prejudice.

## V. The First Amended Petition and 28 U.S.C. § 22244(b)

Petitioner raises twenty-six grounds for habeas relief in his First Amended Petition (Dkt #7), some of which challenge the January 31, 2011, resentencing by the Genesee County Court. Almost all of them challenge the underlying 2004 convictions, which was upheld after following Mills's first collateral attack in federal

court. Some of those claims are newly raised, while some were already adjudicated in Mills's first habeas petition. The Court therefore must determine whether the instant petition violates the general prohibition against second or successive habeas applications.

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law made retroactive by the Supreme Court, newly discovered evidence, or a petitioner's actual innocence. See 28 U.S.C. § 2244(b)(2). The question presented here is whether the current petition is a second or successive application under 28 U.S.C. § 2244(b), given that Mills was subsequently resentenced under a new judgment in state court after his first habeas petition was dismissed.

The Supreme Court recently addressed the scope of 28 U.S.C. § 2244(b) in Magwood v. Patterson, ___ U.S. ___, 130 S. Ct. 2788, 2797, 2802 (2010), which involved a state prisoner's successful challenge to his death sentence in a federal habeas corpus petition. Following a new state sentencing hearing, the petitioner

-14-

again was sentenced to death, and he brought a second petition pursuant to 28 U.S.C. § 2254 challenging the newly imposed death sentence. The United States Supreme Court held that the second petition was not a "second or successive" habeas corpus application within the meaning of 28 U.S.C. § 2244(b) for even though the second petition raised a claim for relief that could have been brought in the first petition, the second petition was challenging a new judgment for the first time.

The Magwood majority's textual analysis of 28 U.S.C. § 2254(b) convinced it that the phrase "second or successive" must be interpreted with respect to the judgment challenged, not the claim presented. 130 S. Ct. at 2797-98; accord, e.g., Johnson v. United States, 623 F.3d 41, 44 (2d Cir. 2010).[3] Where there is a "new judgment intervening between the two habeas corpus petitions, an application challenging the resulting new judgment is not 'second or successive' at all." 130 S. Ct. at 2802.

In Magwood, the petitioner only raised issues challenging the imposition of the death penalty at sentencing. because Magwood was not attempting "to challenge his underlying conviction," 130 S. Ct.

---

[3]      Notably, the Second Circuit in Johnson held that its prior decision in Galtieri v. United States, 128 F.3d 33 (2d Cir. 1997), could not be reconciled with Magwood. Galtieri, which involved a motion to vacate pursuant to 28 U.S.C. § 2255 motion, held that where an amended judgment altered a portion of the sentence but did not affect the conviction, "a subsequent 2255 motion will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended." 128 F.3d at 37-38.

at 2802, the Supreme Court specifically refrained from addressing whether its "reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction," id. (emphases in original). Justice Kennedy's dissent, joined by Chief Justice Roberts, and Justices Ginsburg and Alito, criticized the majority for interpreting AEDPA's reference to "second or successive" as applying to "applications", rather than to "claims", thereby making "the nature of the claims raised in the second application . . . irrelevant." Id. at 2807 (Kennedy, J., dissenting). Justice Kennedy argued that the majority's interpretation "would allow a challenger in Magwood's position to raise any challenge to the guilt phase of the criminal judgment against him in his second application, since a 'new' judgment—consisting of both the conviction and sentence—has now been reentered and all of the errors have (apparently) occurred anew." Id. at 2808 (Kennedy, J., dissenting).

Mills's case "falls squarely within the category of cases which the Magwood majority specifically declined to address, and which the dissent warned about, that is, a petitioner who has obtained relief solely as to one aspect of the case, resulting in the entry of a new judgment and sentence, who then files a second section 2254 application challenging not only his new sentence, but his original, undisturbed convictions." Arenas v. Walker, No. EDCV

-16-

11-1499-MLG, 2012 WL 294688, at *3 (C.D. Cal. Feb. 1, 2012).
Courts interpreting Magwood have held that a petition challenging
a new judgment will not be deemed a successive or second petition
under 28 U.S.C. § 2244(b), even where, as here, the claims
presented could have been presented in a prior habeas corpus
petition. Accord, e.g., Arenas, 2012 WL 294688, at *3; Lesko v.
Wetzel, Civil Action No. 11-1049, 2012 WL 1111226, at *9 (W.D. Pa.
Apr. 2, 2012); Riley v. Conway, No. 06-CV-1324 (DLI)(JO), 2011 WL
839477, at *4 (E.D.N.Y. Mar. 7, 2011) (after petitioner's
resentencing (not as a result of a conditional grant of a petition
for a writ of habeas corpus but rather upon a remand directed by
the Appellate Division), petitioner brought a second petition and
the district court held that "where a state prisoner's Section 2254
petition is his first collateral attack on the 'intervening
judgment' between his first and second § 2254 petitions, the
petition is not successive under 28 U.S.C. § 2244(b)") (citing
Magwood, 130 S. Ct. at 2801, 2803); see also Johnson v. United
States, 623 F.3d at 45-46  (applying Magwood to federal prisoner's
§ 2255 motion and concluding that "where a first habeas petition
results in an amended judgment, a subsequent petition is not
successive regardless of whether it challenges the conviction,
sentence, or both"); Campbell v. Secretary for the Dept. of Corrs.,
No. 10-12404, 447 Fed.Appx. 25, *27, 2011 WL 4840725, *3 (11th Cir.
Oct. 13, 2011) (vacating the district court's denial of what it had

interpreted as a Rule 60(b) motion and remanding for consideration of whether the motion should be construed as a later-in-time § 2254 petition that was not subject to § 2244(b)'s restrictions because there had been an intervening resentencing; noting that "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention"); Martin v. Bartow, 628 F.3d 871, 877-78 (7th Cir. 2010) (observing that Magwood permitted challenges that could have been raised previously and that Magwood was not limited to resentencing).

Based upon the majority's holding in Magwood and upon the dissent's characterization of the scope of the majority's ruling, this Court concludes that the current habeas petition, filed after Petitioner's resentencing in state court, is not "second or successive" within the meaning of 28 U.S.C. § 2244(b), because there was a new, intervening judgment between the first and second petitions. See Arenas, 2012 WL 294688, at *3; Lesko, 2012 WL 1111226, at *9; Riley, 2011 WL 839477, at *4; see generally Magwood, 130 S. Ct. at 2803, 2808.

## VI.  Improper Designation of the Attorney General As a Respondent

The "proper person to be served in the usual § 2254 habeas case is either the warden of the institution in which the (prisoner) is incarcerated . . . or the chief officer in charge of state penal institutions." Advisory Committee Note to Rule 2(a) of

the Rules Governing Section 2254 Cases in the United States District Courts. "This is because it is the 'custodian' who must make the return certifying the true cause of detention, 28 U.S.C. § 2243, and who will have to carry out the order of the court if the writ is granted." DeSousa v. Abrams, 467 F. Supp. 511, 512 (S.D.N.Y. 1979). John Lempke, as Superintendent of the prison where Mills is housed, was properly named as a respondent, but Eric Schneiderman, the Attorney General of New York, was not.

In light of Petitioner's pro se status and the fact that this in no way will prejudice Respondent, the Court, in the interest of judicial efficiency, will deem the petition amended to change the name of Respondent to John Lempke, Superintendent of Five Points Correctional Facility.

## VII. Orders

### IT IS HEREBY ORDERED THAT

1.    Petitioner's motions to join claims, parties and to consolidate (Dkt ##6 & 10) are denied with prejudice.

2.    Petitioner's motion for permission to conduct discovery (Dkt #8) is denied with prejudice.

3.    Respondent shall file and serve an answer to the first amended petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("the Habeas Rules"), within sixty (60) days of the date of entry of this Order.  The answer shall state any and all proceedings that

-19-

were conducted in relation to the 2011 resentencing and the 2004 criminal proceedings. Under the authority of Rule 4 of the Habeas Rules, the Court hereby directs Respondent to provide to the Court the transcript of all the state-court proceedings referenced above, together with any records of, and documents relating to, such proceeding. Such documents will be filed in the official record of this case

4.    Respondent also shall file and serve by the above date a memorandum of law addressing each of the issues raised in the first amended petition.

5.    Within thirty (30) days of the date this order is served upon the custodian of the records or any other official having custody of the records of the proceedings in Genesee County Court at issue now before this Court, such records shall be submitted to Respondent or Respondent's duly authorized representative.

7.    If Petitioner appealed from the judgment of conviction and/or the resentencing order or from an adverse judgment or order in a post-conviction proceeding, under the authority of Habeas Rule 4, the Court hereby directs Respondent to provide to the Court a copy of the briefs, the record on appeal, and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

8.   Petitioner shall have forty-five (45) days upon receipt of Respondent's answer to file a written response to the answer and memorandum of law.

9.   Within thirty (30) days of the date this order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a motion to dismiss the first amended petition, accompanied by appropriate exhibits which demonstrate that an answer to the first amended petition is unnecessary.  The timely filing of such motion shall extend the time for filing an answer for twenty (20) days, but the failure of the Court to act upon the motion to dismiss or a more definite statement within that time shall not further extend the time for filing an answer.

10.  With his answer and opposition and memorandum of law, Respondent shall also file a response to Petitioner's motion to stay the first amended petition and hold it in abeyance (Dkt #3). Petitioner shall file his opposition, if any, when he files his reply to Respondent's answer.

11.  The Clerk of Court shall serve a copy of the first amended petition (Dkt #7); exhibits (Record Volumes One and Two (Manually Filed, Dkt #1); Record Volume Three (Dkt #2); Record Volume Four (Dtk #4); Motion for a Stay (Dkt #3); and a copy of this Order, by certified mail, upon the Office of the Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332. The Clerk of Court shall serve and a copy of

the First Amended Petition (Dkt #7) only upon Respondent John B. Lempke, Superintendent of Five Points Correctional Facility, 6600 State Route 96, Romulus, New York 14541. To advise appropriate Genesee County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to Lawrence Friedman, Esq., District Attorney of Genesee County, One West Main Street Batavia, New York 14020.

12.   The Clerk of the Court is directed to terminate Eric Schneiderman as a respondent and to revise the caption of this action accordingly.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 3, 2012