UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD MILLS,

                Petitioner,
    -vs-

Superintendent T. POOLE,

                Respondent.

**DECISION AND ORDER**
**No. 1:06-cv-00842-MAT-VEB**

_____

RICHARD MILLS,

                Petitioner,
    -vs-

JOHN B. LEMPKE,

                Respondent.

**DECISION AND ORDER**
**No. 1:11-cv-00440-MAT**

_____

## I.   Introduction

Pro se petitioner Richard Mills ("Petitioner") has filed identical Motions to Vacate the Judgment Pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") in both of the above-captioned habeas corpus proceedings. See Dkt #45-1 (1:11-cv-00440-MAT); Dkt #112 (1:06-cv-00842-MAT-VEB). For the reasons discussed below, the Court denies Petitioner's Motions to Vacate and denies Petitioner's requests for recusal.

## II.  Background

The Court assumes the parties' familiarity with the extensive procedural history of Petitioner's convictions, sentencing, re-

sentencing, and appeals, and the federal habeas proceedings challenging these events.

After this Court denied his most recent request for a writ of habeas corpus, Petitioner appealed to the United States Court of Appeals for the Second Circuit, which denied Petitioner's motion for a certificate of appealability on May 31, 2013. On October 22, 2013, that court rejected his request for a rehearing en banc.

On October 7, 2013, the United States Supreme Court denied Petitioner's petition for a writ of certiorari, and further stated that because Petitioner had "repeatedly abused th[at] Court's process[,]" his petitions in non-criminal matters would be rejected unless he first paid the docketing fee and the petitions were submitted in compliance with Supreme Court Rule 33.1.

Meanwhile, at the state court level, Petitioner challenged his 2011 resentencing via a state law habeas corpus petition filed in New York State Supreme Court of Seneca County. After Seneca County Supreme Court (Bender, A.J.) declined to issue the writ, Petitioner, with the assistance of assigned counsel, appealed to the Appellate Division, Fourth Department, of New York State Supreme Court, which unanimously affirmed the judgment. People ex rel. Mills v. Lempke, 112 A.D.3d 1365, 978 N.Y.S.2d 511 (4th Dep't 2013). In particular, the Fourth Department rejected Petitioner's contention that he was being unlawfully detained based on the County Court's failure to file an amended order of commitment after

resentencing him to the exact same sentence, because "'[i]rregularities or defects in an order of commitment would not entitle [P]etitioner to immediate release where, as here, there is a valid judgment of conviction underlying the commitment[.]'" Mills, 978 N.Y.S.2d at 512 (quotation and citations omitted). The Fourth Department concluded that "even assuming, arguendo, that his right to due process was violated, . . . [P]etitioner would only be entitled to a new sentencing proceeding, and thus habeas corpus relief does not lie[.]" Id. at 513 (citations omitted). Petitioner's Ex Post Facto challenge to N.Y. Penal Law § 70.85 was found unpreserved and without merit. Id.  The New York Court of Appeals denied leave to appeal. People ex rel. Mills v. Lempke, 22 N.Y.3d 684 (2014), rearg. denied, __ N.E.3d __, 2014 WL 2609619 (N.Y. June 12, 2014).

Also with the assistance of assigned counsel, Petitioner pursued a direct appeal with regard to his 2011 resentencing. On May 9, 2014, the Fourth Department, in a four-one decision, affirmed Petitioner's resentencing. People v. Mills, 117 A.D.3d 1555, 985 N.Y.S.2d 381 (4th Dep't 2014). The majority rejected his contention that the County Court erred in conducting the resentencing in his absence and without assigning counsel, finding that such an argument was "not properly before" it because an appellate division "may only 'consider and determine any question of law or issue of fact involving error or defect . . . which may

-3-

have adversely affected the appellant[.]'" Mills, 985 N.Y.S.2d at 383 (quoting N.Y. CRIM. PROC. LAW § 470.15(1); ellipsis in original). In Petitioner's case, the "only issue" presented at the resentencing was whether the County Court would impose a term of post-release supervision ("PRS"). However, the prosecutor already had informed the County Court as well as Petitioner, in writing, that he would consent to the reimposition of the original sentence, i.e., 15 years without any period of PRS. Because the County Court did reimpose the original sentence, Petitioner "was not adversely affected by any error, because the result, i.e., freedom from having to serve a term of PRS [with respect to this count of the indictment], was in his favor[.]" Id. (quotation omitted; alteration in original).

One justice of the Fourth Department dissented and urged remittitur for a further resentencing. See Mills, 985 N.Y.S.2d at 384 (J. Fahey, dissenting). Justice Fahey relied primarily on two sections of New York's Criminal Procedure Law, both of which apply to resentencing, and which provide that a defendant "[i]n general . . . must be personally present at the time sentence is pronounced[,]" N.Y. CRIM. PROC. LAW § 380.40(1); and must be asked by the sentencing court "whether he . . . wishes to make a . . . statement[,]" id., § 380.50(1) on his behalf at sentencing. The dissenting justice noted that the state legislature had "built no exception for futility or arrogance-which [was] a fair

-4-

characterization of [Petitioner]'s behavior" into Sections 380.40(1) and 380.50(1), and opined that the court should not find one in Petitioner's case. Id.

The Fourth Department denied reargument on July 3, 2014. People v. Mills, 119 A.D.3d 1388, 988 N.Y.S.2d 520 (4th Dep't 2014). Petitioner indicates that he has sought leave to appeal to the New York Court of Appeals, and that his application is currently pending.

In these motions, Petitioner seeks orders (1) vacating the judgments in the above-captioned matters "upon the grounds of fraud"; and (2) "mandating the recusal of Judge Telesca, Judge Arcara, and Judge Bianchini" pursuant to 28 U.S.C. §§ 453, 455; and "appointing a tribunal as a special investigator to investigate the fraud upon this court." Dkt #45 at 1.[1]

On May 8, 2014, the Court issued an Order (Dkt #47) directing Respondents to respond to Petitioner's motions to vacate and for recusal. However, only the respondent in the 2011 case filed a response (Dkt #48), to which Petitioner filed a reply (Dkt #49).

## III. Discussion

### A.    The Rule 60(b) Motions

A motion to reopen a habeas proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal

---

[1]

The Motions to Vacate in both cases are identical. For brevity's sake, the Court will cite only to the docket numbers and page numbers of the pleadings filed in 1:11-cv-00440-MAT.

habeas proceeding, not to the integrity of the state criminal trial." Rodriquez v. Mitchell, 252 F.3d 191, 199 (2d Cir. 2001); see also Gonzalez v. Crosby, 545 U.S. 524, 538 (2005). If granted, the remedy is simply "the reopening of the federal habeas proceeding." Rodriquez, 252 F.3d at 199. "Since 60(b) allows *extraordinary* judicial relief, it is invoked only upon a showing of *exceptional circumstances*." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted; emphases supplied). The Second Circuit reviews a district court's decision whether to grant relief under Rule 60(b) for the "abuse of discretion." Harris v. United States, 367 F.3d 74, 79 (2d. Cir. 2004) (citing Israel v. Carpenter, 120 F.3d 361, 365 (2d Cir. 1997)).

Rule 60(b) permits a party to seek relief from a prior judgment under for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the

judgment or order or the date of the proceeding." FED R. CIV. P. 60(c).

Although Petitioner asserts that he is bringing his motions to vacate under subsections (1) through (6) of Rule 60(b), his pleadings do not present any of the discrete grounds for relief enumerated in Rule 60(b)(1), (2), (3), (4), or (5). Rather, his 90-page memorandum of law is devoted to repeating his arguments regarding the myriad errors he claims occurred during his trial and resentencing. These arguments already have been raised before, and rejected by, three judges of this District.

It is clearly settled law, however, that a motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) (citing Mastini v. American Tel. & Telegraph Co., 369 F.2d 378, 379 (2d Cir. 1966) (Rule 60(b) movant asserted "only the single ground that 'the defendants have improperly influenced this Court in its decision by a preordinated, cunning, unconscionable plan or scheme of defense based upon a great deal of misrepresentations and misconducts'", which was an impermissible attempt to "relitigate the merits of his claim" with "unsubstantiated" allegations of fraud), cert. denied, 387 U.S. 933 (1967); Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114, 115 (2d Cir. 1962)). Because Petitioner points only to alleged errors by the judges of this District who have

considered his habeas petitions, he has not established sufficient grounds for relief under Rule 60(b)(1), (2), (4), or (5). <u>See</u>, <u>e.g.</u>, <u>Aboushi v. United States</u>, No. 05-CV-1244(FB), 2007 WL 776812, at *2 (E.D.N.Y. Mar. 13, 2007) (denying Rule 60(b) motion where § 2255 petitioner did not present any of the grounds for relief enumerated in Rule 60(b) but "simply reargue[d] a claim previously resolved by" the district court in an earlier order).

The Court turns next to clause (3) of Rule 60(b). Although Petitioner urges vacatur of his judgments based on "fraud", he does not allege fraud, misrepresentation or other misconduct "by an opposing party[,]" FED. R. CIV. P. 60(b)(3). Rather, Petitioner levies accusations of "fraud" against the "judicial officers of this court" (i.e., the undersigned, District Judge Arcara, and Magistrate Judge Bianchini), whom he alleges "have intentionally placed fraud on this Court", "are intentionally condoning fraud", and have failed to "perform [their] judicial function[s]". Dkt #45-1 at 1 (citing <u>Bulloch v. United States</u>, 763 F.2d 1115, 1112 (10th Cir. 1985) (<u>en banc</u>)).  Thus, instead of fraud by an opposing party, which is contemplated by Rule 60(b)(3), Petitioner ostensibly is complaining of "fraud upon the court", which is not.

However, Rule 60(d) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the

court." FED. R. CIV. P. 60(d)(3).[2] Petitioner, as "the party alleging fraud on the court[,] bears a heavy burden to prove the fraud by clear and convincing evidence[.]" Orient Mineral Co. v. Bank of China, 416 F. App'x 721, 725 (10th Cir. 2011) (unpublished opn.); see also Nederlandsche Handel-Maatschappij, N.V., 301 F.2d at 115 (Rule 60(b)(3) movant must show fraud or misrepresentation "by clear and convincing evidence"). It bears emphasizing that "all doubts must be resolved in favor of the finality of the judgment." Bulloch, 763 F.2d at 1121.

The Federal Rules of Civil Procedure do not define "fraud on the court", but Rule 60(b) makes clear that fraud on the court must be distinguished from the fraud, misrepresentation, and other misconduct of an opposing party that is the subject of Rule 60(b)(3). In re Tri-Cran, Inc., 98 F.R. 609, 615 (Bankr. D. Mass. 1989) ("Tri-Cran") (citing Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972) ("[Fraud upon the court] cannot be read to embrace any conduct of an adverse party of which the court disapproves; to do so would render meaningless the one-year limitation on motions under Rule 60(b)(3)")). In Bulloch, from which Petitioner quotes heavily, the Tenth Circuit explained that

---

[2]

    Although Petitioner does not refer to Rule 60(d), the Court has liberally construed his pro se pleadings to raise the strongest arguments they suggest. See Haines v. Kerner, 404 U.S. 519, 520 (1971) (stating that "the allegations of the pro se complaint" are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers").

> [f]raud on the court . . . is fraud which is directed to
> the judicial machinery itself . . . . It is thus fraud
> where the court or a member is corrupted or influenced[,]
> or influence is attempted[,] or where the judge has not
> performed his judicial function. . . .

Bulloch, 763 F.2d at 1121. The Second Circuit adopted a similar

definition in Kupferman:

> [T]he concept should "embrace only that species of fraud
> which does or attempts to defile the Court itself, or is
> a fraud perpetrated by officers of the Court so that the
> judicial machinery cannot perform in the usual manner its
> impartial task of adjudging cases that are presented for
> adjudication."

Kupferman, 459 F.2d at 1078 (quoting 7 Moore, FEDERAL PRACTICE,

¶ 60.33 at 515 (1971 ed.); footnote omitted in original); citing

Martina Theatre Corp. v. Schine Chain Theatres, Inc., 278 F.2d 798,

801 (2d Cir. 1960)).

   While definitions may vary slightly from circuit to circuit,

the federal courts are uniform in their characterization of "fraud

upon the court" as being "typically confined to the most egregious

cases, such as bribery of a judge or juror, or improper influence

exerted on the court by an attorney, in which the integrity of the

court and its ability to function impartially is directly

impinged." Broyhill Furniture Indus., Inc. v. Craftmaster, 12 F.3d

1080, 1085-86 (Fed. Cir. 1993) (quoting Great Coastal Express, Inc.

v. International Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir.

1982), cert. denied, 459 U.S. 1128 (1983); Gleason v. Jandrucko,

860 F.2d 556, 559 (2d Cir. 1988); Cleveland Demolition Co., Inc. v.

Azcon Scrap Corp., 827 F.2d 984, 986 (4th Cir. 1987); Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989); other citations omitted). Petitioner's inflammatory rhetoric aside, his allegations of "fraud upon the court" amount to nothing more than indignation about, and vehement and disagreement with, each and every ruling by every judge of the Western District of New York to have passed upon his claims. Petitioner has pleaded no facts showing that an attorney exerted improper influence on the undersigned, District Judge Arcara, or Magistrate Judge Bianchini. Nor has Petitioner pleaded facts showing that the integrity of the judges of this Court was comprised, or that the judges' abilities to function impartially were impaired. Notwithstanding its sincerity or strength, Petitioner's personal belief that the Court's decisions have been wrong does not call into question the integrity of the judges of this District or their ability to remain fair, neutral, and impartial. See Pena v. Bellnier, No. 09 Civ. 8834(LAP), 2012 WL 45588511, at *1 (S.D.N.Y. Sept. 29, 2012) (rejecting Rule 60(b) motion where "Petitioner's attacks on the Court's integrity amount to nothing more than arguing that Judge Ellis and Judge Holwell 'got it wrong' on the merits of his claims").

The case of Steele v. Motz, Civil Action No. 1:09CV792, 2009 WL 8131857, at *3 (D. Md. Nov. 19, 2009), is instructive. There, the plaintiff brought suit against a federal district judge, seeking a declaratory judgment that the judge committed "fraud on

the court" by ruling against the plaintiff's company in a previous civil lawsuit. The plaintiff in Steele did "not alleg[e] that Judge Motz took a bribe, but that the type of fraud on the court Judge Motz committed was his intentional acts to disallow the judicial machinery to turn in order to affirm the illicit arbitration award." Id. at *6 (citation to record omitted). The district court observed, however, that the majority of the complaint was simply "a recitation of facts in the underlying litigation, which was ultimately affirmed by the Fourth Circuit." Id. As was the case in Steele, the circuit court of appeals in this case dismissed Petitioner's appeals of the denials of his federal habeas petitions. "While [Petitioner] may disagree with the [Court]'s rulings, and may in fact resent the [Court] for such rulings, this is not evidence of 'fraud on the court.'" Steele v. Motz, 2009 WL 8131857, at *3  (collecting cases). The record plainly does not substantiate the existence of a "fraud upon the court".

Finally, the Court examines Petitioner's allegations in light of clause (6) of Rule 60(b), which provides that relief may be granted for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This catchall provision is properly invoked only where "Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the

movant." ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 109 (2d Cir. 2012) (citing Matter of Emergency Beacon Corp., 666 F.2d 754, 759 (2d Cir. 1981) (citations omitted; footnote omitted). Petitioner's reiteration of the same allegations of error and misconduct does not constitute extraordinary circumstances or extreme hardship for purposes of invoking Rule 60(b)(6). See Green, 374 F. App'x at 88-89 (citation omitted) ("Mere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship."); see also United Airlines, Inc. v. Brien, 588 F.3d 158, 177 (2d Cir. 2009) ("The agency's grounds for the Rule 60(b)(6) motion—which essentially boil down to a claim that the decision was wrong—are not sufficiently extraordinary to justify reopening a closed case . . . . .")

**B.    The Recusal Motions**

Petitioner's claims of bias and impartiality on the part of the undersigned, District Judge Arcara, and Magistrate Judge Bianchini, are both conclusory and based entirely on his disagreement with the Court's decisions. This is an insufficient basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Ahmed, 788 F. Supp. 196, 205 (S.D.N.Y. 1992) (finding that defendant did not establish grounds for recusal under 28 U.S.C. §§ 144,

455(b)(1), where allegations of bias stemmed from an exchange between court and defense counsel at contempt hearing; "the alleged source of bias derive[d] from the performance of judicial duties, and therefore, it [did] not spring from an extrajudicial source") (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).

## IV. Conclusion

For the reasons discussed above, Petitioner's Motions to Vacate and to Recuse Dkt #45-1 (1:11-cv-00440-MAT); Dkt #112 (1:06-cv-00842-MAT-VEB) are **denied with prejudice.** Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S .C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore the Court denies Petitioner leave to appeal in forma pauperis. Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     Rochester, New York
           September 29, 2014

-14-